# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DAN DIETTE, individually and as natural father and next of kin of Christian Diette, deceased,<br><br>               Plaintiff,<br><br>v.<br><br>ARCOSA WIND TOWERS, INC. f/k/a TRINITY STRUCTURAL TOWERS, INC.,<br><br>TRINITY STRUCTURAL TOWERS, INC.,<br><br>TRINITY INDUSTRIES, INC., and<br><br>ARCOSA, INC.,<br><br>               Defendants. | Case No. 19-CV-0440-CVE-FHM |

## OPINION AND ORDER

Now before the Court are defendants Arcosa Wind Towers, Inc.'s (formerly known as Trinity Structural Towers, Inc.), Trinity Structural Towers, Inc., and Arcosa, Inc's motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Dkt. # 12.[1] Defendants ask the Court to dismiss plaintiff Dan Diette's claim against them for lack of subject matter jurisdiction and failure to state a claim on the grounds that plaintiff's claim is barred by the exclusive remedy provision of the Oklahoma Workers' Compensation Act, OKLA. STAT. tit. 85, § 1 et seq. (OWCA), and that he has not stated an intentional tort claim under Parret v. UNICCO Service Company, 127

---

[1] Named defendant Trinity Industries, Inc. has not been served and, thus, has not joined in the motion.

P.3d 572 (Okla. 2005). Dkt. # 12, at 2. Plaintiff has filed a response (Dkt. # 15), and defendants have filed a reply (Dkt. # 16).

**I.**

Plaintiff Dan Diette, father and next of kin of Christian Diette, alleges that on July 18, 2017, Christian Diette was fatally injured while removing bolts from flanges on one of his employer's wind tower sections. Dkt. # 2-2, at 2. His employer, Trinity Structural Towers, Inc.'s (now known as Arcosa Wind Towers, Inc.), had bolted two tower sections together and placed them on three separate wheel supports (trunnions), one in the center and one on each end. Id. While Christian Diette was working inside one of the sections using a grinder to remove "the last or next to last bolt," the end trunnion shifted, causing a section to fall and strike Christian Diette. Id. at 3. Christian Diette died the next day from his injuries. Id. The Occupational Safety and Health Administration (OSHA) determined that Trinity Structural Towers, Inc. "had failed to furnish employment and a place of employment which were free from recognized hazard[s]." Id. Further, OSHA determined that "due to the sections weighing approximately 80,000 [pounds], any potential for uncontrolled movement could result in serious death." Id.

Plaintiff filed a lawsuit in the Tulsa County District Court against defendants, alleging:

- . . . there were options available to Trinity Structural Towers, Inc. that would have easily prevented this accident, including connecting the trunnions and placing chalk under the wheels and/or using existing turning rolls that are not on wheels.
- Defendant Trinity Structural Towers, Inc. directed Christian Diette to work under conditions to which it was certain or substantially certain Mr. Diette would be seriously injured or killed.
- Defendant Trinity Structural Towers, Inc. did so with the specific knowledge of the dangers and potential lethal condition under which Christian Diette was assigned to work.

- Defendant Trinity Structural Towers, Inc. desired to bring about Christian Diette's injuries and acted with the knowledge that injury to him was substantially certain to result from [its] conduct. As a result, Defendant's actions were willful and intentional.

Id. at 1, 3-4. Plaintiff seeks in excess of $75,000 in economic loss for Christian Diette's death, and in excess of $75,000 for grief and loss of companionship. Id. at 4.

On August 8, 2019, defendants filed a joint notice of removal in this Court (Dkt. # 2), asserting that both elements of diversity jurisdiction are present. The amount in controversy exceeds $75,000, exclusive of interest and costs, and complete diversity exists: plaintiff is a citizen of Oklahoma, and all defendants are citizens of Delaware and Texas. Dkt. # 2-2, at 1-2, 4; see also Dkt. # 2, at 2-3. The notice of removal also states that defendants Arcosa Wind Towers, Inc., Trinity Structural Towers, Inc., and Arcosa, Inc. were served with process. Id. at 2. Following the events leading to plaintiff's lawsuit, Trinity Industries, Inc. sold Trinity Structural Towers, Inc. to Arcosa, Inc., and the subsidiary changed its name to Arcosa Wind Towers, Inc. Dkt. # 9.

Defendants assert in their motion that there is no subject matter jurisdiction and that the lawsuit should be dismissed for failure to state a claim.

## II.

Federal courts are courts of limited jurisdiction and, as the parties seeking to invoke federal jurisdiction, plaintiffs bear the burden of proving such jurisdiction is proper. Basso v. Utah Power & Light Co., 495 F.2d 906, 909 (10th Cir. 1974). A court lacking jurisdiction "cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." Id. A district court "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs,

3

and is between–(1) citizens of different States . . . ." 28 U.S.C. § 1332(a). "Thus, diversity jurisdiction attaches only when all parties on one side of the litigation are of a different citizenship from all parties on the other side of the litigation." Depex Reina 9 P'ship v. Intern. Petroleum Corp., 897 F.2d 461, 463 (10th Cir. 1990).

In considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted. "To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead sufficient factual allegations 'to state a claim to relief that is plausible on its face.'" Doe v. Woodard, 912 F.3d 1278, 1299 (10th Cir. 2019) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true, and [the court] must liberally construe the pleadings and make all reasonable inferences in favor of the non-moving party." Id. (internal citation omitted).

### III.

Subject Matter Jurisdiction

Defendants move to dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. Dkt. # 12, at 3-5. However, defendants themselves removed the lawsuit based upon diversity of citizenship. Dkt. # 2, at 2-3. Plaintiff is a citizen of Oklahoma, and defendants are citizens of Delaware and Texas. Id. Further, the amount in controversy exceeds

4

$75,000, exclusive of interest and costs. Id. at 2. Therefore, the Court has subject matter jurisdiction over plaintiff's lawsuit. Defendants' motion shall be denied as to Rule 12(b)(1).[2]

Failure to State a Claim

Defendants also move to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted. Dkt. # 12, at 3-11. Defendants argue that plaintiff's intentional tort claim should be dismissed because plaintiff has not alleged sufficient facts to survive a motion to dismiss. Id. at 5-9.[3]

"Section 11 of the Workers' Compensation Act, OKLA STAT tit. 85, §§ 1-211 (2001), prescribes employer liability 'for the disability or death of an employee resulting from an accidental injury sustained by the employee arising out of and in the course of employment, without regard to fault.'" Parret, 127 P.3d at 574 (emphasis added). Section 12 of the Workers' Compensation Act makes that liability "exclusive and in place of all other liability of the employer." OKLA STAT tit. 85, § 12. However, in Parret, the Oklahoma Supreme Court carved out an exception to the exclusive remedy under the Workers' Compensation Act for intentional torts committed by an employer. Parret, 127 P.3d at 579. Recognizing that employers have long been held liable for intentional torts towards employees, the Parret court stated the standard for liability:

> the employer must have (1) desired to bring about the worker's injury or (2) acted with knowledge that such injury was substantially certain to result from the

---

[2] Defendants argue that state courts in Oklahoma dismiss Parret claims for lack of jurisdiction and/or for failure to state a claim upon which relief may be granted. Dkt. # 12, at 4. However, federal jurisdiction is different and limited, and defendants fail to identify any federal cases that have dismissed a Parret claim for lack of subject matter jurisdiction.

[3] Defendants alternatively move to dismiss because plaintiff may have alleged a negligence claim. Dkt. # 12, at 3-5. However, plaintiff admits that he has alleged an intentional tort only. Dkt. # 15, at 7.

5

> employer's conduct. Under the second part of this standard, the employer must have intended the act that caused the injury with knowledge that the injury was substantially certain to follow. The issue is not merely whether the injury was substantially certain to occur, but whether the employer knew it was substantially certain to occur. The employer's subjective appreciation of the substantial certainty of injury must be demonstrated.

Id. at 579. "Mere allegations of intentional conduct will not circumvent the Workers' Compensation Act. The worker must allege facts which 'plausibly demonstrate' that the employer's conduct was intentional under the 'substantial certainty' standard." Id. Thus, "[i]t is not sufficient for a plaintiff to allege that an employer acted willfully or intentionally without stating supporting facts in the complaint that could create liability under this standard." Shue v. High Pressure Transps. LLC, 2010 WL 4824560, at *3 (N.D. Okla. Nov. 22, 2010) (unpublished); see also Hill v. United Parcel Servs. Of America, Inc., 2009 WL 1974461 (W.D. Okla. July 6, 2009) (unpublished); Torres v. Cintas Corp., 2008 WL 2510133 (N.D. Okla. June 19, 2008) (unpublished).

After the 2005 Parret decision, the Oklahoma legislature amended § 12 of the Workers' Compensation Act:

> The liability [of the Workers' Compensation Act] shall be exclusive . . . except in the case of an intentional tort, . . . An intentional tort shall exist only when the employee is injured as a result of willful, deliberate, specific intent of the employer to cause such injury. Allegations or proof that the employer had knowledge that such injury was substantially certain to result from its conduct shall not constitute an intentional tort.

OKLA STAT tit. 85, § 12 (2001 and Supp. 2010) (emphasis added). Thus, it appeared that the second part of Parret's definition of intent (knowledge with substantial certainty) was subverted. However, the Oklahoma Supreme Court in Wells v. Oklahoma Roofing & Sheet Metal, L.L.C., 2019 OK 45, 2019 WL 2511531, at *7 (Okla. 2019), held that the legislature did not "intend[] to bifurcate the

6

sphere of intentional torts constitutionally reserved as common law rights of actions which predate the inception of Oklahoma's workers' compensation scheme." Rather, "willful, deliberate, specific intent of the employer to cause injury, and those injuries that an employer knows are substantially certain to occur, are both intentional torts that are not within the scheme of the workers' compensation system or its jurisdiction." Id. at *8. Therefore, after Wells, the substantial certainty test of Parret remains the standard for analyzing an intentional tort outside of a workers' compensation claim.

Plaintiff's first allegation is that "there were options . . . available that would have easily prevented this accident. . . ." Dkt. # 2-2, at 3. This is a negligence claim: that the former employer failed to take steps that it should have taken. Negligence claims are within the exclusive purviews of the Workers' Compensation Act. Parret, 127 P.3d at 574. Therefore, plaintiff may not allege negligence under Parret for the incident leading to Christian Diette's death. Plaintiff's second allegation is that "Defendant Trinity Structural Towers, Inc. directed Christian Diette to work under conditions to which it was certain or substantially certain Mr. Diette would be seriously injured or killed." Dkt. # 2-2, at 3. Further, it "did so with the specific knowledge of the dangers and potential lethal condition[s] . . . ." Id. Finally, "Defendant Trinity Structural Towers, Inc. desired to bring about Christian Diette's injuries and acted with the knowledge that injury to him was substantially certain to result . . . ." Id. at 4. Plaintiff argues that his claim falls within the Parret exception for intentional torts to a workers' compensation claim. Dkt. # 15, at 5-7. However, plaintiff has pleaded no facts demonstrating that the former employer acted intentionally to cause Christian Diette's death. Rather, plaintiffs allegations are mere assertions that defendants acted intentionally. As such, his

7

"[m]ere allegations of intentional conduct will not circumvent the Workers' Compensation Act." Parret, 127 P.3d at 579.[4]

The Court finds that there is no set of facts in the petition that would support plaintiff's claim that defendants intended to cause Christian Diette's injury and death. Therefore, the petition shall be dismissed without prejudice.

**IT IS THEREFORE ORDERED** that defendants Arcosa Wind Towers, Inc.'s (formerly known as Trinity Structural Towers, Inc.), Trinity Structural Towers, Inc.'s, and Arcosa, Inc.'s motion to dismiss for failure to state a claim (Dkt. # 12) is **denied** as to Rule 12(b)(1) dismissal and **granted** as to Rule 12(b)(6) dismissal. The petition is hereby dismissed without prejudice.

**DATED** this 8th day of October, 2019.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

---

[4] Plaintiff alleges that the OSHA reports demonstrate that defendants acted with substantial certainty that Christian Diette's death would occur. Dkt. # 15, at 6. However, OSHA violations do not establish an intentional tort under Parret. See Price v. Howard, 236 P.3d 82, 90 (Okla. 2010) ("[V]iolation of governmental safety regulations, even if willful and knowing, does not rise to the level of an intentional tort or an actual intent to injure.")